IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES JACKSON #2508121 | § | |
| VS. | § | CIVIL ACTION NO. 9:26cv707 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF TRANSFER

Petitioner, a prisoner of the Texas Department of Criminal Justice proceeding *pro se*, filed a petition for writ of habeas corpus challenging his 2024 criminal conviction in Anderson County, Texas.

The law governing the proper venue for a petition for a writ of habeas corpus filed by an inmate in state custody is 28 U.S.C. § 2241(d), which states the following:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

*See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Courts in Texas have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district in which the petitioner was convicted and sentenced, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. *See, e.g., Demouchette v. Dretke*, No. C.A. C-06-48, 2006 WL 2323023, at *1 (S.D. Tex. Aug. 9, 2006); *King v. Lynaugh*, 729 F. Supp. 57 (W.D. Tex. 1990); *accord Johnson v. Cain*, No. CV 15-310, 2015 WL 10438640, at *3 (E.D.

La. June 4, 2015), *report and recommendation adopted*, No. CV 15-310, 2016 WL 892610 (E.D. La. Mar. 9, 2016) ("[F]ederal courts have ordinarily held that the most appropriate venue for challenges to the execution or implementation of the sentence is the district court for the district where the petitioner is in custody, and challenges to the legality of the conviction or sentence are better heard in the district court for the district where the state conviction and sentencing occurred.").

In the present case, Petitioner challenges a judgment and sentence imposed in Anderson County. Thus, venue in this matter is proper in the Tyler Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(1). Section 2241(d) permits the district court where a petition is filed to transfer the case to the appropriate court where it could have been filed, which in this case is the division within which the challenged judgment was entered. Moreover, federal law provides that "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The case should thus be transferred to the proper court for further proceedings in accordance with the rules of that division. It is accordingly

**ORDERED** that the case is **TRANSFERRED** to the Eastern District of Texas, Tyler Division. 28 U.S.C. § 1404(a) and Local Order 95-2. The Clerk of Court shall transfer the case forthwith and without delay.

So ORDERED and SIGNED this 9th day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE